UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEBRA MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-186 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Debra Molina (Molina) sued the City of Corpus Christi, several federal officers, and several officers of the Corpus Christi Police Department (CCPD) for allegedly violating her rights in connection with law enforcement searches without a warrant or exigent circumstances and for malicious prosecution and false arrest associated with criminal charges brought against her. D.E. 1, 45. She has since dismissed the City of Corpus Christi and certain CCPD officers from this case. D.E. 57. By Order of this Court (D.E. 65), the claims against the federal officers have been dismissed. Remaining are Molina's claims against CCPD officers Augustine Maldonado (Maldonado) and Carl Johnson (Johnson). D.E. 45.

Now pending before the Court is a Motion for Summary Judgment and Motion to Dismiss (D.E. 48), arguing that Molina has failed to state a claim upon which relief may be granted and that the officers are entitled to qualified or official immunity.[1] Molina's

---

[1] The motion was filed by all six CCPD officers. Molina dismissed officers Armando Cruz, Veronica Frakes, Ismael Carrasco, and Victor Uribe by voluntary stipulation (D.E. 57) after the motion was filed. The Court thus addresses only the liability of Maldonado and Johnson as briefed in the motion.

response (D.E. 59) has been considered as provided for in the Court's Order (D.E. 65). The Court DENIES AS MOOT Defendants Maldonado and Johnson's Motion for Leave to File a Reply (D.E. 60). For the reasons set out below, the Court GRANTS the Defendants' motion to dismiss or for summary judgment (D.E. 48).

## FACTS

The Corpus Christi Field Office of the United States Drug Enforcement Administration (DEA) was investigating the supplier behind drug transactions conducted through an intermediary, Erika Garza (Garza), at a local bar. DEA agents set up an undercover controlled buy with a confidential informant to see who would respond to Garza's call for contraband. On the first occasion, the April 19, 2012 operation, a Ford F-150 truck arrived in apparent response to Garza's call and the driver appeared to make the transaction through Garza. The confidential informant was found to be in possession of cocaine after the transaction. DEA agents recorded the F-150's license plate and learned that it was registered to Molina. They followed her and noted that she parked at 4322 Lamont Street. Nothing in Molina's pleading or response controverts this transaction other than Molina's global assertion that she does not sell drugs.

DEA agents initiated a second controlled buy on May 23, 2012. They secured the cooperation of CCPD officers who were on standby. Officers observed Molina leave her home at 4322 Lamont Street, drive the same F-150 truck to the bar, and again meet Garza at the truck. After the transaction, the cocaine was retrieved from the informant and DEA agents instructed officers Maldonado and Johnson to stop Molina's vehicle and search for the cash used in the transaction. Maldonado and Johnson pulled Molina over, and

conducted a search of her purse, finding the marked cash used in the controlled buy. They also conducted a safety search of her vehicle, finding nothing additional. These facts are also uncontroverted.

Ultimately, the criminal charges brought against Molina were dismissed. She now claims that she was innocent of the charges, she should never have been subjected to a vehicle stop or to any search, and the officers involved violated her constitutional rights and committed torts against her.

## DISCUSSION

Molina brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining of the violation of her constitutional rights in that: (a) she was charged with a crime without probable cause and on the sole basis of anger and/or hatred; (b) she was subjected to a stop without reasonable suspicion and was arrested without probable cause; (c) the searches were warrantless; and (d) she was falsely imprisoned. D.E. 45, p. 8. She pleads preemptively that the officers are not entitled to qualified immunity because their conduct was objectively unreasonable. Id., pp. 10-11. She also sues under Texas law for false arrest and imprisonment, intentional infliction of emotional distress, and malicious prosecution.

Maldonado and Johnson seek judgment against Molina on all of her claims against them. As a preliminary matter, the Court notes that Molina has failed to allege any facts that link Maldonado or Johnson's conduct to her claims related to false arrest, false imprisonment, malicious prosecution, search of the home, or intentional infliction of emotional distress. D.E. 45; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007).  Maldonado and Johnson have produced summary judgment evidence that they were not involved in her arrest, the criminal charge, or the search of her home.  They have also demonstrated that Molina was not subjected to any extreme or outrageous conduct.  Thus the preceding claims are DISMISSED.  Remaining at issue are claims pursuant to the Fourth Amendment to the United States Constitution related to the stop of her vehicle, the search of her person and the vehicle and its contents, and any detention related to transporting her to her home.

### A. Probable Cause to Stop Molina in Her Vehicle and Conduct Initial Searches.

Maldonado and Johnson's stop of Molina as she drove home was an investigatory detention requested by the DEA.  *See United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003) (traffic stop is an investigative detention rather than an arrest).  It was appropriate, based upon reasonable suspicion that she had engaged in a sale of cocaine observed by the DEA agents and probable cause that she had committed a felony.  *United States v. Kye Soo Lee*, 962 F.2d 430, 435-36 (5th Cir. 1992) (law enforcement officers on the scene are considered to act upon the collective knowledge of all officers communicating on the matter).

Maldonado and Johnson were justified in conducting a search of Molina, a visual search of her vehicle, and the specific search of her purse, given probable cause that she was in possession of the proceeds of the sale of cocaine and for their own safety to ensure there were no weapons or other persons present.  *United States v. Ross*, 456 U.S. 798, 825 (1982) (search is justified as to every part of the vehicle and its contents that may conceal the object of the search); *United States v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005)

(same); *United States v. Sinisterra*, 77 F.3d 101, 104 (5th Cir. 1996) (automobile's mobility creates exigent circumstance that products of criminal activity may be removed and operation on the highways creates lesser expectation of privacy); *United States v. Quigley*, 631 F.2d 415, 419 (5th Cir. 1980) (precautionary searches to ensure the safety of the officers are reasonable).

For these reasons, Maldonado and Johnson are entitled to the dismissal of all of Molina's claims for violation of the Fourth Amendment search and seizure clause. The Court GRANTS the motion (D.E. 48) on these issues.

### B. Qualified Immunity

While all of Molina's claims against Maldonado and Johnson are subject to dismissal, as set out above, Defendants also claimed qualified immunity in their motion. The Court considers this basis for summary judgment in the alternative. Qualified immunity operates to shield a defendant from liability for discretionary activities if the defendant's actions were objectively reasonable with reference to clearly established law at the time of the conduct in question. *Cronn v. Buffington*, 150 F.3d 538, 541 (5th Cir. 1998).

The defendant bears the initial burden of establishing that he was acting within the scope of his discretionary authority during the incident in question. *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir.1992). Defendants here have met that burden by producing summary judgment evidence showing that they were acting at the instruction of the DEA agents conducting a legitimate investigation based on a felony charge.

Once the defendant meets that burden, the burden shifts to the plaintiff. *Id*. On a motion for summary judgment, the plaintiff's burden is to show that: (1) the law was clearly established at the time of the defendant's action; and (2) there is a genuine issue of material fact as to whether the defendant had an objectively reasonable belief that his conduct was consistent with that clearly-established law. *See e.g., Burns–Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).

Molina has failed to advance any argument or authority to suggest that Maldonado and Johnson acted so far outside the bounds of the law that their conduct was objectively unreasonable. Molina has thus failed in her burden to defeat Maldonado and Johnson's qualified immunity defense and summary judgment in their favor is warranted on that basis as well. The Court GRANTS the motion (D.E. 48) on the basis of qualified immunity. Because of the Court's holdings, above, the Court does not reach Maldonado and Johnson's claim of official immunity.

## CONCLUSION

For the reasons set out above, the Court GRANTS Maldonado and Johnson's motion to dismiss or for summary judgment (D.E. 48) and DISMISSES each of Molina's claims against them. Consequently, this action is DISMISSED.

ORDERED this 28th day of August, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE